# JANUARY 13, 1937

## BABE BATSON V. THE STATE.

No. 18488. Delivered October 28, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*J. K. Russell* and *A. C. Chrisman,* both of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of fifty dollars, punishment being two years in the penitentiary.

Mr. B was the victim of the theft. He had weathered the storms of nearly sixty winters, but even so, the evidence leaves it doubtful if he had yet arrived at the years of discretion. He fell into the company of appellant and M, another young woman. They all went to a tourist camp near Cleburne. B rented and paid for a cabin. He claims to have become somewhat indisposed from smoking cigarettes furnished by his companions, which cigarettes he claimed had been "doped." He removed his shoes and trousers, placing the latter on a table at the foot of the bed. In his trousers pocket was a bill fold containing $69.00. He lay down on the bed. The evidence suggests that there may have been a more impelling reason for disrobing and getting in bed than the ones advanced by him. Appellant lay down on the bed with B and began to press her caresses upon him in such manner as to conceal from him the movements of her companion M. The conduct of appellant towards B was calculated to divert his mind from everything but the business which he thought was immediately at hand. While appellant was pressing her attention on him M extracted the bill fold from his trousers pocket, whereupon

appellant promptly ceased her attentions, seized B's watch from the bed or table, and both young women fled from the room, leaving B a disappointed and poorer man.

The record leaves no doubt that appellant and M were acting together in taking B's property.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a delicate manner the facts upon which the prosecution is based are set forth in the original opinion. The charge of the court, in a comprehensive manner, left with the jury the decision of the important fact as to whether or not the appellant and Daisy Phillips Moreland acted together in a conspiracy to acquire the money of the injured party without his consent. No fault of the manner in which the facts of the case were submitted to the jury is challenged by any bills of exception which can be considered on this appeal. Such bills of exception as were reserved by the appellant are not available for the reason that they were filed too late to justify their consideration. The court adequately charged on the law of reasonable doubt. The jury was also instructed that the failure of the appellant to testify could not be considered as a circumstance against her.

The motion for rehearing is overruled.

*Overruled.*